UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**DONALD OSBORNE, JR.,**

Plaintiff,

Case No. 3:25-cv-00694-wmc

vs.

**THE LINCOLN NATIONAL**
**LIFE INSURANCE COMPANY, INC.**

Defendant.

---

## RULE 26(f) PRETRIAL REPORT

---

Plaintiff, Donald Osborne, Jr., by his attorneys, and Defendant the Lincoln National Life Insurance Company, Inc, by its attorneys, hereby submit the following report pursuant to Fed. R. Civ. P. 26(f). Counsel for the parties conferred about the matters set forth below on October 14, 2025.

1. Nature of the Case. This is a civil dispute brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA) in which Plaintiff seeks long-term (LTD) disability benefits. Defendant contends that Plaintiff is not entitled to benefits under terms of the applicable LTD plan (the "Plan"), and further contends that Defendant is entitled to recover benefits previously paid to Plaintiff under the terms of the Plan.

2. Statutory Basis for Jurisdiction and Venue. The parties agree that this Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. §1132(e)(1) and (f), this action

being brought under ERISA. The parties further agree that venue is proper in the United States District Court for the Western District of Wisconsin.

3. Names of Any Related Cases. There are no related cases.

4. Material Factual and Legal Issues to be Resolved at Trial. The material factual and legal issues to be resolved in this case through dispositive motions is (1) whether Plaintiff's claims for LTD benefits were deemed denied due to Defendant's failure to comply with ERISA claims procedures, (2) whether the appropriate standard of review is de novo or arbitrary and capricious, (3) whether Defendant has wrongfully denied Plaintiff's claim for LTD benefits, (4) whether Plaintiff is entitled to LTD benefits under the terms of the Plan, and (5) whether Defendant is entitled to recover benefits previously paid to Plaintiff under the terms of the plan.

5. Amendment to the Pleadings. The parties do not anticipate amending their pleadings.

6. Identity of New Parties to be Added. The parties do not anticipate adding any new parties to the case.

7. Estimated Trial Length. The parties anticipate that this claim will be resolved through dispositive motions. However, if a trial to the Court is necessary, the parties believe that it would take no more than two days and agree that this shall be a trial by the Court.

8. Possibility of Prompt Settlement. The parties have initiated settlement discussions.

9. Initial Disclosures. The parties agree to opt out of the initial disclosure requirement. Instead, Defendant shall produce the Administrative Record in accordance with the schedule set forth below, and Plaintiff shall have the opportunity to raise any challenge to the information, materials and/or documentation contained therein.

10. Electronically Stored Information. The parties do not believe that this case involves discovery of electronically stored information (ESI). If e-discovery becomes necessary, the parties will discuss the most cost-effective and efficient use of the same.

11. Electronic Service: The parties confirm that documents filed through the Court's ECF system are served by ECF notification. The parties hereby consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

12. Confidentiality. The parties do not anticipate any disputes concerning confidentiality or claims of privilege. To the extent any such dispute arises, Fed. R. Civ. P. 26(b)(5) shall control. In the event discovery is ordered by the Court, the parties agree that all disclosures will be made pursuant to a Protective Order.

13. Orders. The parties do not presently contemplate any additional orders that should be entered by the Court under Federal Rules 16(b)-(c) or 26(c) other than the Scheduling Order. Motions made in the normal course of litigation pursuant to

the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules may be filed as the case dictates.

14. Change to Limitations on Discovery Imposed by Federal Rules.

Defendant's position: This is an ERISA claim for benefits to be reviewed on the Administrative Record available to the administrator at the time of the decision and no discovery should be permitted. Defendant disputes Plaintiff's right to/claim for discovery beyond the administrative record.

Plaintiff's position: Plaintiff does not necessarily agree that this is a case for review on a closed administrative record. Plaintiff reserves the right to seek discovery and to introduce evidence beyond the administrative record.

15. Trial Date. If necessary, the parties jointly propose trial dates set forth below, or as soon thereafter as available.

16. Schedule. The parties jointly propose that the Court establish a schedule as set forth below.

| | |
|---|---|
| Defendant to Produce Administrative Record | December 18, 2025 |
| Deadline for Plaintiff to Dispute the Administrative Record | January 15, 2026 |
| Deadline for Defendant to File the Administrative Record | January 29, 2026 |
| Dispositive Motion Deadline (Cross Motions) | July 29, 2026 |
| Dispositive Motion Response Deadline (Cross Responses – No Replies) | September 2, 2026 |
| Trial – if necessary | January 13-14, 2027 |

Dated: November 4, 2025

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Donald Osborne, Jr.*

By: *s/ Jessa L. Victor*
Jessa L. Victor, WI State Bar No. 1099144
Email: jvictor@hq-law.com
Forrest C. Stewart, WI State Bar No 1124604
Email: fstewart@hq-law.com
409 E. Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

Dated: November 4, 2025

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
*Attorneys for Defendant, The Lincoln National Life Insurance Company*

By: *s/ Iwana Rademaekers*
Iwana Rademaekers, TX Bar No. 16452560
Email: iwana@rademaekerslaw.com
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: 214.579.9319
Fax: 469.444.6456